Henry M. Boss, Jr. *vs.* Lederer Realty Corporation
*et al.*

MARCH 23, 1921.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Interpleader. Appeal.*

One of the respondents to a bill of interpleader is not aggrieved by a decree dismissing the bill on motion of the other respondent, and his appeal from the decree of dismissal will be dismissed.

*(2) Interpleader. Appeal.*

On appeal of complainant and one of the respondents from a decree dismissing a bill of interpleader, the respondent is entitled to be heard as to the nature

of his claim, since it is essential to interpleader that all the adverse titles be of the same nature and character, although respondent cannot appeal from the decree.

INTERPLEADER.    Heard on motion to dismiss appeal of one respondent and granted.

VINCENT, J.    This is a bill of interpleader filed by Henry M. Boss, Jr., against the Lederer Realty Corporation and Bradford Campbell.

The bill alleges that on the 29th of July, 1917, Edward P. Metcalf of Providence turned over to the complainant the sum of $14,445.92, which is a portion of the amount of the purchase price fund formerly held by Edward P. Metcalf as the proceeds of a void sale of certain real estate on Pine street in said Providence, which sale was attempted to be made by the said Edward P. Metcalf in his then capacity as administrator *d. b. n.* of the estate of James Campbell, late of Providence, deceased, to the respondent Lederer Realty Corporation.    That at the time of said attempted sale of said real estate the title thereto was in the heirs of James Campbell, subject to be divested by sale by the administrator of the estate of said James Campbell upon obtaining proper authority from the Municipal Court of said Providence, and that since the attempted sale the heirs of said James Campbell have conveyed and assigned all their interest of every kind and nature in said real estate to the respondent Bradford Campbell.

That said fund with accumulated interest now amounts to $15,971.96.

That the said respondent Lederer Realty Corporation on July 16, 1920, demanded of the complainant the whole of said sum of $14,445.92 with accumulated interest, and the said Bradford Campbell on July 17, 1920, demanded of the complainant out of said amount of $14,445.92 with accumulated interest the sum of $13,291.55, with interest thereon from the date of such demand.

After answer filed by the respondent Campbell, the respondent Lederer Realty Corporation filed a motion in the

Superior Court to dismiss the bill, which, after hearing thereon, was granted whereupon the complainant and the respondent Campbell each took an appeal to this court.

The Lederer Realty Corporation has now filed a motion in this court asking that the appeal of the respondent Campbell be dismissed on the ground that he is not aggrieved by the decree dismissing the bill.

(1) We think this motion must be granted.   We cannot see how Campbell can be said to be aggrieved by the decree of the Superior Court dismissing the bill.   Such a decree would be favorable to him rather than adverse.

So far as the present case is concerned it would make no practical difference whether the motion to dismiss the appeal of Campbell was granted or denied.  If granted the appeal of the complainant would still stand.

An essential requisite to equitable relief by interpleader is that all the adverse titles of the respective claimants must be connected or dependent or, in other words, of the same nature and character.   Whether or not the claim of the respondent Campbell is of the same nature and character as the claim of the respondent Lederer Realty Corporation would appear to be the vital question here and the question upon which the maintenance of the complainant's bill must depend.   This being so the respondent Campbell is entitled to be heard as to the nature, character and validity of his claim but not as an appellant aggrieved by the decree of the Superior Court dismissing the bill.

The motion to dismiss the appeal of Bradford Campbell is granted.

*Henry M. Boss, Jr., pro se ipso.   Murdock & Tillinghast, John A. Tillinghast,* of counsel, for respondent Lederer Realty Corporation.

*William J. Brown,* for respondent Bradford Campbell.